NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————

No. 20-2322

—————————

UNITED STATES OF AMERICA,

v.

JULIAN P. VILLAR,
                            Appellant

—————————

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 1:19-cr-00023-002)
District Judge: Honorable Susan P. Baxter

—————————

Submitted under Third Circuit LAR 34.1(a)
On April 30, 2021

Before: PHIPPS, NYGAARD and ROTH, Circuit Judges

(Opinion filed: December 3, 2021)

—————————

OPINION*

—————————

ROTH, Circuit Judge

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

This is an appeal from a judgment of sentence, challenging the District Court's decision not to apply a sentence reduction under the United States Sentencing Guidelines Section 2P1.1(b)(3). We will affirm the judgment of the District Court.

## I. FACTS

Julian P. Villar was first charged in 2009 with conspiracy to possess with intent to distribute cocaine. He pleaded guilty in 2013 and received a sentence of sixty-three months' imprisonment and five years of supervised release. He failed to self-surrender to federal prison so a warrant was issued for his arrest. Four years later, while Villar was still a fugitive, law enforcement agents arrested him again on a heroin-distribution charge. He again pleaded guilty and received a sentence of seventy-seven months' imprisonment and five years of supervised release, plus an additional twelve months' imprisonment because he committed this offense while on supervised release, all to run consecutively to the earlier sixty-three month sentence.

In May 2019, the Bureau of Prisons approved Villar's application for a transfer from FCI-Milan in Michigan to a minimum-security prison, FCI-McKean in Pennsylvania. In July 2019, Villar was furloughed from FCI-Milan with instructions to arrive at FCI-McKean within approximately 24 hours. He never arrived. More than a month later, Villar was arrested in a hotel in Michigan.

Because he failed to appear at FCI-McKean, Villar was indicted and charged with one count of escape after conviction. On May 15, 2020, he entered an open plea to the escape charge. At his sentencing, Villar objected to the Pre-Sentence Report's failure to include a four-level reduction to his base-offense level because he purportedly escaped

2

from non-secure custody under U.S.S.G. § 2P1.1(b)(3). The District Court declined to grant Villar this four-point reduction. Villar appealed.

## II. DISCUSSION

The District Court had subject-matter jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). When exercising appellate jurisdiction over a sentence, we review the District Court's "factual findings for clear error[ ] and . . . [its] application of those facts to the Guidelines for an abuse of discretion."[1] "An abuse of discretion occurs only [when] the district court's decision is arbitrary, fanciful, or clearly unreasonable—in short, [when] no reasonable person would adopt the district court's view."[2]

Pursuant to section 2P1.1(b)(3) a defendant, who escapes from the "non-secure custody of a community corrections center, community treatment center, halfway house, or similar facility," is entitled to a four-point downward departure. When deciding whether to apply this downward departure, courts engage in a two-prong inquiry: "First, a court must inquire whether the facility from which the defendant escaped is 'non-secure' as defined by the notes to this section of the Sentencing Guidelines. . . . Second, a court must inquire whether the facility in question is similar to a [community correction center], a community treatment center . . . , or a halfway house."[3]

---

[1] *United States v. Gonzalez*, 905 F.3d 165, 205 (3d Cir. 2018) (internal quotation marks omitted).

[2] *United States v. Green*, 617 F.3d 233, 239 (3d Cir. 2010) (internal quotation marks and citation omitted).

[3] *United States v. Hillstrom*, 988 F.2d 448, 451 (3d Cir. 1993) (citations omitted).

Villar argues that the District Court failed to consider whether the conditions of his custody were sufficiently similar to community correction centers and other facilities. Thus, according to Villar, the District Court committed reversible error.

Villar's concern is, however, unfounded because he failed to provide the District Court with any evidence at sentencing suggesting that his conditions of confinement were sufficiently similar to a community correction center, a community treatment center, or a halfway house. Nor did Villar proffer any evidence at sentencing showing that his conditions of confinement were sufficiently similar to an otherwise "similar facility" under section 2P1.1(b)(3). Villar had the burden of proving by a preponderance of the evidence that he was entitled to the reduction.[4] He did not do so.

In sum, the District Court did not make an "arbitrary, fanciful, or clearly unreasonable"[5] decision by declining to grant Villar's request for a downward departure—particularly when he failed to furnish any evidence suggesting that he satisfied section 2P1.1(b)(3)'s requirements. The District Court therefore did not abuse its discretion.

## III.   CONCLUSION

For the reasons stated above, we will affirm the judgment of sentence.

---

[4] *United States v. Miller*, 224 F.3d 247, 250-51 (3d Cir. 2000).
[5] *See Green*, 617 F.3d at 239.